# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cv-02841-PAB-GPG

Wade Noflin,

    Plaintiff,

v.

Two Rivers Drug Enforcement Team (TRIDENT),

Garfield County (Colorado) Board of Commissioners,

Garfield County Sheriff's Office,

City of Glenwood Springs, and

Town of Silt,

    Defendants.

---

**RECOMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS**
**PART I:  THE GARFIELD COUNTY DEFENDANTS (ECF #17)**
**PART II: THE MUNICIPAL DEFENDANTS (ECF #22)**

---

**PART I:  THE GARFIELD COUNTY DEFENDANTS**

    This matter comes before the Court on Defendants' motion to dismiss (TRIDENT, Garfield County Board of Commissioners, and the Garfield County Sheriff's Office) (collectively the

Garfield County Defendants) (ECF # 17),[1] Defendants' reply (ECF #28) (apparently filed as a reply on the basis that the intervening filing of exhibits was a response (ECF #21), and Plaintiff's *pro se*[2] "motion to dismiss answer" (ECF# 31)-which I construe as a response. The motion has been referred to this Magistrate Judge for recommendation (ECF #38).[3] The Court has reviewed the pending motion, response, reply and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the motion be GRANTED.

Factual and Procedural Background

Plaintiff Noflin brings suit against a variety of parties as follows (ECF #1): claim one is against TRIDENT for defamation; claim two is for "harassment by people in power" (sic); and claim three is for "government agencies to allow their employees to violate a person civil rights and abuse its power" (sic). Claims two and three do not specifically state to which Defendant each claim applies. Plaintiff states therein, *see*, e.g. ECF #1, p. 6, that he has attached exhibits to his

---

[1] "(ECF #17)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] The Court construes Plaintiff's pleadings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

pleading. No exhibits were so attached. However, some six weeks later, Plaintiff filed a packet of exhibits at ECF #21.

Defendants' Motion

The Garfield County Defendants move to dismiss on the basis that: (1) counts one and two sound in tort and are barred by law under the Colorado Government Immunity Act (CGIA); (2) *res judicata*-based on both prior state and federal litigation; (3) count one is barred by the statute of limitations; (4) the claims are barred by a prior settlement agreement; (5) lack of standing for count II; and (6) failure to plausibly allege a claim with regard to count III (ECF #17).

Plaintiff's Response

Plaintiff argues that: (1) the facts of this suit are different than the two prior litigations- essentially opposing the Garfield County Defendants' assertion of *res judicata*; (2) that CGIA notice was properly afforded; (3) that the settlement agreement does not apply to this factual scenario; and (4) that the statute of limitations is not an issue because "[t]he Defendants can't agree on the time" (ECF #31).

Standard of Review

Rule 12(b)(6)

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) may also be based on the lack of a

cognizable legal theory. *See Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Although allegations of fact are accepted as true, legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, the Court disregards conclusory statements and looks only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1190-91. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp.,* 127 S. Ct. at 1974). It is entirely appropriate to dismiss an action at the motion to dismiss stage based on *res judicata*. *See Argueta-Pereira v. Ochoa*, 2012 WL 2564813 *1-2 (D. Colo. 2012) (dismissing the plaintiff's federal law suit as barred by *res judicata* because of a lawsuit in state court).

*Res judicata*-claim preclusion

As it appears to conclusively resolve this action, I will first address the *res judicata* argument-thus not reaching the remaining arguments made by each set of Defendants.

> The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final

4

judgment. The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so. To apply claim preclusion, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits. In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a full and fair opportunity to litigate the claim in the prior action.

*Lenox MacLaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (internal citations and quotation marks removed). Colorado, for purposes of this discussion, has an identical standard. *See City and County of Denver v. Block 173 Assocs.*, 814 P. 2d 824, 830 (Colo. 1991) (requiring a final judgment, identity of subject matter, claims for relief, and parties to the action).

In a case filed September 22, 2016, Plaintiff brought suit against each of the Garfield County Defendants in 2016CV17 in Garfield County Colorado District Court (ECF #17-5). In that action, Plaintiff brought the following claims for relief: (1) defamation; (2) criminal libel; (3) harassment-stalking; (4) negligence; and (5) a claim which can roughly be construed as entrapment. *Id*. The recitation of facts set forth in 2016 is regarding the same event or series of events for which Plaintiff now brings suit again in the instant action. *See* 2016 complaint (ECF #17-5, pp. 1-6). I take judicial notice of the 2016 complaint, the order of dismissal (ECF #17-1), and the Order from the Colorado Court of Appeals (ECF #17-2).[4] In the instant action, Plaintiff admits as much, but attempts to cabin off this new case on the basis that the Defendants were supposedly trying "[t]o label Mr. Noflin a pedophile [which] is different than the original suit . . ." Plaintiff's instant complaint (ECF #1, p. 4). Plaintiff's 2016 case was dismissed by Judge Neiley in February 2017 (ECF #17-1) for failing to comply with the CGIA-thus dismissing for

---

[4] The court may take judicial notice of public records in a prior state court proceeding without converting a motion to dismiss into one for summary judgment. *City of Philadelphia v. Fleming Cos., Inc.,* 264 F.3d 1245, 1251 n. 4 (10th Cir.2001). I may consider facts subject to judicial notice in ruling on a motion to dismiss. *Tal v. Hogan,* 453 F.3d 1244, 1265 n. 24 (10th Cir.2006).

lack of subject matter jurisdiction. Plaintiff appealed and the judgment dismissing his 2016 action was upheld by the Colorado Court of Appeals (ECF #17-2).

The first *Lenox* factor is met in that there was a final judgment on the merits in the earlier action-it was dismissed, appealed, and the dismissal was affirmed. Likewise, the second *Lenox* factor is met in that there is privity between the parties to the first suit and this suit.

The dispute herein is at factor three, the cause of action. "This circuit embraces the transactional approach to the definition of cause of action. Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Lenox*, 847 F.3d at 1240 (internal citation and quotation marks removed). The fact that a Plaintiff "now presents some of [his] claims under the rubric of slightly different legal theories . . .does not obscure the fact that they arise out of a single transaction." *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000).

Some additional review of the facts underlying the 2016 suit is necessary for application of the 3rd *Lenox* factor. Plaintiff's 2016 suit indicates that it was with regard to actions supposedly taken by the Garfield County Defendants after Plaintiff Noflin answered a Craig's List add on or about May 8, 2015 (ECF #17-5, p. 1). Plaintiff claimed that the Garfield County Defendants "destroyed [his] reputation by portraying false statements about [him]." *Id*. at p. 2. Plaintiff claims that TRIDENT produced a report stating that Plaintiff wanted to trade sex for drugs. *Id*. at p. 3. Plaintiff ultimately claims that he was discharged from his employment with the Garfield County Department of Human Services based on the actions of the Garfield County Defendants who passed information on to Plaintiff's employer. *Id. passim.* Plaintiff's 2016 complaint makes it clear that Plaintiff believed he was being improperly investigated and/or accused of some sort of

drugs for sex scheme and that Plaintiff believed he was not contributing to the delinquency of a minor. *Id*.

Plaintiff now attempts to put a new spin on this by arguing that a supposed investigation of Plaintiff for internet sexual exploitation of a child is in some way a different cause of action. It is not. Whether Plaintiff knew or believed he was being investigated for contributing to the delinquency, violating his privacy, or internet sexual exploitation of a child is irrelevant. This is all part and parcel of the same event. Were the Court to go down this rabbit hole, there would be nothing to stop Plaintiff from filing suit on a myriad of potentially new legal theories as they occur to him. Plaintiff is attempting to do exactly what the law prohibits, proceed on a new case under the rubric of a slightly different legal theory. *See Plotner*, 224 F.3d at 1170. Plaintiff's attempt must fail as his claims in this action are firmly precluded by the doctrine of *res judicata*. *See Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257-58 (10th Cir. 1997) (all claims arising out of the transaction, event, or occurrence must therefore be presented in one suit or be barred from subsequent litigation).

Further, Plaintiff states that he discovered the new facts "on or around December 5, 2016, while [Plaintiff] was engaged in a suit against the same defendant for violation of privacy." Plaintiff's complaint (ECF #1, p. 4) (sic). If that was truly the case, Plaintiff had the obligation, if he wanted to include the new facts or allegations, to add those facts/claims into the original and ongoing suit. *See Stone v. Department of Aviation*, 453 F.3d 1271, 1277-78 (10th Cir. 2006).

I also find, based on the record set forth in the 2016 case and recited herein, that Plaintiff had a full and fair opportunity to litigate his prior action. I cannot say that Plaintiff was denied due process in the dismissal of the 2016 action. *See Nwosun* at 1257-58.

Plaintiff also brought suit against what he termed the "Garfield County (Colorado) Government" for: (1) age and racial discrimination; (2) defamation and "questioning the County's Conflict of Interest stance" (sic); and (3) hostile environment and "verbal abuse by the supervisor." *See* 17-cv-337-KMT-MJW (D. Colo. 2017) (ECF #1). Therein, Plaintiff stated:

> Mr. Noflin was terminated for talking to a person that was pretending to be 19 years old. (See Exhibit 1, the conversation and report) Although, the County never prove that Mr. Noflin was aware of the age since the correspondence, the topic of age never came up and Mr. Noflin never attempted to meet up with the individual. The incident also involved a drug sting by law enforcement. Even though, Mr. Noflin was not charged with anything, the information was given to the County. The incident appear to be the results of racial profiling, harassment, and entrapment. There was enough for Law Enforcement to be charged with a crime but the DA's Office would not file due to the fact that it was not enough to prosecute. The incident also part of a civil suit filed by Mr. Noflin (See 16cv17 out of Garfield County.) Mr. Noflin was also subjected to treatment while employed that other workers that are Caucasian were not subject too.

Plaintiff's complaint (17-cv-337, ECF #1) (sic). That action terminated by way of a very broad release (ECF #19), that carved out only 2016-cv-17, the Garfield County District Court case discussed *supra*. 17-cv-337 was dismissed voluntarily, and with prejudice. *See* joint stipulated motion to dismiss (17-cv-337, ECF #32); *see also* minute order granting dismissal with prejudice (17-cv-337, ECF #33). "[A] dismissal by stipulation and approved by the court with prejudice is *res judicata*-barring a later lawsuit on the same transaction or occurrence." *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986).

In terms of analyzing this situation with regard to it being the same transaction or occurrence, the same analysis applies here as it did above with regard to the Garfield County District Court action. While, in the federal case, Plaintiff attempted to put a slightly different spin on the matter for purposes of the age/race discrimination claims-Plaintiff was again trying to rehash another action under the rubric of a slightly different legal theory. Even if the matter in 17-

cv-337-KMT-MJW had a bit of a different spin put on it by Plaintiff, the release states that "[i]t is expressly understood that this Release is entered into for the purpose of resolving and all disputes between Mr. Noflin and The Board, including but not limited to [17-cv-337] . . ." Release and settlement agreement (ECF #19).

**PART II: THE MUNICIPAL DEFENDANTS**

This matter comes before the Court on Defendants' motion to dismiss (the City of Glenwood Springs and the Town of Silt) (collectively the Municipal Defendants) (ECF # 22), Plaintiff's exhibits (ECF #21), Plaintiff's *pro se* "motion to dismiss answer" (ECF# 31)-which I construe as a response, and Defendants' reply (ECF #37). The motion has been referred to this Magistrate Judge for recommendation (ECF #38). The Court has reviewed the pending motion, response, reply and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the motion be GRANTED.

As with the Garfield County Defendants above, the Municipal Defendants were parties to Plaintiff's 2016 state court action, 2016CV17 in Garfield County Colorado District Court. The Municipal Defendants have also attached the same motion to dismiss that the Court took judicial notice of above (ECF #22-1), as well as the Colorado Court of Appeals judgment affirming the dismissal at the trial court level (ECF #22-1). As the Municipal Defendants rightly state, "Plaintiff has sued on these same facts before" (ECF #22, p. 6).

There is absolutely no difference in the analysis between the Municipal Defendants and the Garfield County Defendants as it pertains to the application of the *Lenox* factors in determining whether the present suit is precluded by *res judicata*. The only procedural difference is that the

Municipal Defendants are grouped together and represented by a different attorney-thus resulting in a distinct set of briefs from the Garfield County Defendants. The Municipal Defendants were involved in the same prior action, with the same facts, which afforded Plaintiff the same full and fair opportunity to litigate his claims.

With regard to the Municipal Defendants, I specifically find that there was: (1) a final judgment on the merits in an earlier action-16CV17; (2) privity of the parties in the two suits; and (3) identical causes of action in both suits-based on the transactional approach. In addition, the Plaintiff had a full and fair opportunity to litigate the claim in the prior action. For all of the reasons set forth above, Plaintiff's claims against the Municipal Defendants are also precluded by *res judicata*.

For those reasons, this Magistrate Judge respectfully recommends that both motions to dismiss be GRANTED.

It is further respectfully recommended that Plaintiff be advised that he is on the verge establishing a pattern of frivolous and vexatious filing which will earn him an Order to Show Cause why he should not have his future filings restricted in this Court if he continues to engage in this type of filing.

Dated at Grand Junction, Colorado this March 10, 2019.

_____

Gordon P. Gallagher

United States Magistrate Judge